Seawell, J.
This question is in effect, whether the Court below had power to allow the amendment: for if the Court had no authority, the granting the order was a perfect nullity.
If a strict and literal construction be placed upon the act 1790, it will be found, that in no case whatever can matter of form be amended, whereby any end is obtained : for by the words of the act, this power seems only to be exerciseable as to imperfections, which are not set down as causes of demurrer. And by the preceding part of the same act, such defects are cured by not being demurred to.
The last part of the section, however, has these general words, “ That the said courts may at any time permit either *500 of the parties to amend any thing in the pleading and process, upon such conditions as the said Courts respectively, shall, in their discretion and by their rule, prescribe.”
Unless, therefore, the Courts under these last words, have power to permit the parties to amend in cases of Special Demurrer, the consequence would be, that the plaintiff may be permitted to amend, in substance, though there be a general demurrer. And yet, as to a mere slip in matter of form, not essential to the justice of the case, which had been seized upon by vigilant council, the hands of the Court were completely tied.
As therefore, this construction can be completely obviated by allowing to the latter words an import, which they certainly bear, that of amending any thing at any time, we are of opinion it was competent for the Court below to make such order, and that the rule for setting aside the order be discharged,